SANDERS v. BARNABY. (No. 6834.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

1. CORPORATIONS (§ 79*) — SUBSCRIPTION TO STOCK — CORPORATION TO BE FORMED—VALIDITY.

Where plaintiff and another contracted with defendant to organize a corporation, the three incorporators to take various proportions of the stock, the defendant alone to furnish money by subscribing and paying for $19,000 worth of stock or such portion thereof as might be necessary to establish the corporation as a going concern, there was a valid contract between the parties, and the corporation when formed, or the plaintiff as its assignee, may recover the amount of the defendant's subscription.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 186–193; Dec. Dig. § 79.*]

2. CORPORATIONS (§ 76*)—STOCK SUBSCRIPTION—INDEFINITENESS.

A contract to subscribe and pay for $19,000 worth of stock in a corporation to be formed, "or such portion thereof as may be necessary to provide the said corporation with working funds and capital as a going concern," is not too indefinite to be capable of enforcement.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 197–209, 213–218; Dec. Dig. § 76.*]

Appeal from Special Term, New York County.

Action by Thomas Sanders, Jr., against Kenneth T. Barnaby. From an order vacating an attachment, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Dix W. Noel, of New York City, for appellant.
George Edwin Joseph, of New York City, for respondent.

SCOTT, J. The principal ground upon which the attachment herein has been attacked is that the complaint fails to state a cause of action.

The action is upon an agreement signed by defendant in which he agreed to "subscribe and pay for" stock in the plaintiff corporation. The agreement was made between Thomas Sanders, Jr., and William Wilson, Jr., as parties of the first part, and defendant, as party of the second part. It recited that the parties of the first part had acquired the sole selling and distributing rights, in a number of specified states, for a certain patented device; that they had agreed to give such time as

may be necessary to the business of selling and distributing said patented device; that defendant had agreed to furnish certain funds or sums of money necessary for carrying on and conducting the aforesaid business in the aforesaid territory; that it was deemed wise and expedient to form a corporation for the purpose of conducting the said business.

Thereupon it was agreed that the parties should organize a corporation under the laws of the state of New York, with a capital stock of $25,000, of which $20,000 should be 7 per cent. cumulative preferred stock, to be divided into two classes, to wit, class A and class B; that class A should consist of $1,000 par value and should have the usual voting power, and class B should consist of $19,000 par value, having no voting power, but with the privilege of retirement at any time within five years at $125 per share; that the common stock should consist of $5,000 par value, with the usual voting power. It was then agreed that the parties to the agreement should be the incorporators of the corporation and its officers and members of the board of directors for the first year. Sanders and Wilson agreed to assign to the corporation their contract for the sale and distribution of the patented device aforesaid, and to accept therefor, in full payment and satisfaction, the common stock of the par value of $5,000 and the class A preferred stock of the par value of $1,000.

Defendant's undertaking read as follows:

"It is understood and agreed and it is hereby agreed that the said Kenneth T. Barnaby will subscribe and pay for the class B of the preferred stock of the said corporation or such portion thereof as may be necessary to provide the said corporation with working funds and capital as a going concern."

In consideration of defendant's stock subscription, Sanders and Wilson agreed to give him $2,000 of the common stock and the $1,000 of class A preferred stock. It was further agreed that none of the stock should be sold or offered for sale without the consent of all of the parties to the agreement, unless said stock shall first have been offered to and refused by the other parties.

The complaint sets forth the agreement, alleges the incorporation of a corporation under the name of Sanders, Wilson, Barnaby, Incorporated (hereafter called the corporation), as provided for therein, the assignment by Wilson and Sanders to the corporation of their contract, and the issue to them of the stipulated amount of common and preferred stock, and their tender to defendant of the common and preferred stock they had agreed to deliver to him, also their assignment to the corporation of their interest in the preliminary agreement with defendant. It is then alleged that, although Sarders and Wilson had fully performed the aforesaid contract on their part, defendant had failed to subscribe and pay for $19,000 par value of the preferred stock of said corporation, or any portion thereof, except that defendant had provided working funds or capital to the extent of $2,700, and had given certain collateral security to the corporation fund when Sanders and Wilson had received a contract for the sale of the patented device. It is further alleged that the whole and even more than the sum of $19,-000 was necessary for the corporation for working funds and for capital.

Plaintiff sues as assignee of the corporation for the sum of $16,300 balance of the sum which defendant agreed to subscribe.

Defendant contends that the contract above recited is unenforceable because, in the words of his brief:

"It is not an agreement *of* subscription but an agreement *to* subscribe to the stock of a corporation to be formed, thereby contemplating the execution of a subsequent subscription agreement in conformity with the statute."

It is quite true that a distinction, such as the defendant relies upon, has frequently been pointed out, but that distinction does not rest wholly upon the use of the present, as distinguished from the future, tense. Even if a person, in anticipation of the organization of a corporation, agrees in the present tense to subscribe for stock therein, there is still something left for him to do after organization to complete a subscription according to statute. The distinguishing feature of the case at bar is that the parties to the contract undertook themselves to form a corporation, to which each agreed to contribute. The importance of this feature of the case has frequently been pointed out. Thus in Yonkers Gazette Co. v. Taylor, 30 App. Div. 334, 51 N. Y. Supp. 969, Mr. Justice Hatch said: .

"The law is fairly well settled that where parties propose to form a corporation and become shareholders therein, and such parties intend to become such shareholders without further act upon their part, upon the incorporation of the company, and the agreement remains open and is unrevoked, and the corporation is formed in pursuance of it, and thereafter acts upon it, by accepting the same, such agreement is valid and binding as a subscription to the capital stock of such corporation. * * * There are agreements of a somewhat similar character which do not admit of enforcement and are not binding as a common-law agreement. It is quite easy to confuse the two classes, although there is a clear distinction between them. In the first class it is to be noticed that the agreement is to form a corporation and subscribe to the stock. The latter class are mutual agreements to subscribe for stock in a corporation thereafter to be formed. In the first the agreement is unconditional and absolute to form a corporation and take the stock, and, when acted upon by the corporation, is binding, as that is all that is needful to make the contract of force."

Later, in Avon Springs Sanitarium Co. v. Weed, 119 App. Div. 560, 104 N. Y. Supp. 58, Presiding Justice McLennan, whose opinion was adopted by the Court of Appeals (189 N. Y. 557, 82 N. E. 1123), says:

"It is well settled that if two or more persons mutually agree to organize a corporation, and each subscribes for stock therein to be paid for after its incorporation, such agreement is valid and may be enforced by any of the parties thereto or by the corporation after its formation. In such case the corporation represents and acts for the parties to the agreement, as their agent. But, we think, it has never been held by the courts of this state that a subscription to the stock of a corporation could be enforced where there was no agreement to incorporate and where there were no parties between whom mutuality of agreement existed. * * * It is to be concluded that, in order to make a present subscription for stock in a corporation thereafter to be formed valid, there must be an agreement between two or more parties to form such a corporation, and that only after its formation by such parties, or by some one authorized to act for them in that regard, can their subscriptions to the capital stock be enforced by such corporation."

[1] The opinion last quoted cited, and in part quoted, the rule as stated in Morawetz on Corporations, § 47. See, also, White on Cor-

porations, note to section 50 at page 289. In Cook on Corporations (7th Ed.) vol. 1, p. 76, it is laid down as an axiom that:

"The distinction between a present subscription and an agreement to subscribe to the stock of a corporation thereafter to be created is unsound in principle and disappears as mere dicta upon a thorough sifting of the cases."

The rule for which the author contends is that which we deem to be applicable to this case that, where the agreement is to form a corporation and to take stock in it when formed, such an agreement becomes binding when the corporation has been formed in conformity to the agreement, and the amount agreed to be subscribed may be recovered by the corporation. The whole agreement, in such a case, is considered as binding and enforceable when one party to it has done all that he agreed to do.

[2] It is said, however, that the agreement is too indefinite for enforcement because what defendant agreed to subscribe was not a certain, definite sum, but $19,000 or such portion thereof as may be necessary to provide the said corporation with working funds and capital as a going concern. I see no fatal indefiniteness here. How much will be necessary for the purpose indicated is a matter of fact which should not be difficult of ascertainment. Prima facie it is the amount the parties fixed on in their agreement in fixing the amount of capital stock to be issued. Defendant cannot be called upon to pay more than that; he may be able to show that he should not be called upon to pay so much.

In my opinion the contract sued upon is a valid and enforceable one, and the complaint states a sufficient cause of action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.