(173 App. Div. 244)

### SANDERS v. BARNABY.

(Supreme Court, Appellate Division, First Department.  June 16, 1916.)

1. CORPORATIONS ☞90(6)—CAPITAL STOCK—SUBSCRIPTION CONTRACT.
    Defendant subscribed for the preferred stock of a corporation, or such
    portion thereof as would enable it to do business, and its officers repeat-
    edly demanded payment of the entire amount.  *Held* sufficient to show
    the corporation needed the entire amount subscribed, in absence of con-
    trary proof.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 411–416;
    Dec. Dig. ☞90(6).]

2. CORPORATIONS ☞90(1)—CAPITAL STOCK—SUBSCRIPTION CONTRACT—CON-
    STRUCTION.
    A stock subscription contract construed, and *held* not to require the
    tender of a stock certificate to defendant as a condition precedent to
    his liability.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 383, 385–
    388; Dec. Dig. ☞90(1).]

3. CORPORATIONS ☞542(3)—PROPERTY AND CONVEYANCES—POWER TO MAKE—
    STATUTE.
    Stock Corporation Law (Consol. Laws, c. 59) § 66, prohibiting a cor-
    poration with outstanding debts from transferring property to its officers
    except for cash value, is inapplicable to the assignment of a claim to a cor-
    poration's president for its more effective enforcement for the cor-
    poration's benefit.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2156; Dec.
    Dig. ☞542(3).]

4. CORPORATIONS ☞90(6)—STOCK SUBSCRIPTION—CONSIDERATION—FAILURE
    OF—SUFFICIENCY OF EVIDENCE.
    In a suit on a stock subscription to a corporation claiming to own
    certain selling rights, defendant's testimony that one Mulhearn had
    claimed to have had a contract for similar rights, which was later aban-
    doned, is insufficient to show a failure of consideration.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 411–416;
    Dec. Dig. ☞90(6).]

Appeal from Trial Term, New York County.

Action by Thomas Sanders, Jr., against Kenneth T. Barnaby.
Judgment for plaintiff, entered on a verdict for $16,338.68.  From

an order denying a motion to set aside the verdict and dismiss the complaint, defendant appeals.   Affirmed.

See, also, 166 App. Div. 274, 151 N. Y. Supp. 580.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Neil P. Cullom, of New York City, for appellant.

Charles H. Tuttle, of New York City (Saul S. Myers, of New York City, on the brief), for respondent.

SMITH, J.   Plaintiff is the president of Sanders-Wilson-Barnaby, Incorporated.   He sues upon an assignment from this corporation of the claim in question, but for the benefit of the corporation itself.   The action is based upon an agreement made upon July 23, 1914, between the plaintiff and one William Wilson, Jr., as parties of the first part, and the defendant, as party of the second part.   The agreement recited that the parties of the first part had the sole and exclusive selling and distributing rights of a certain patented device known as the "Dann Oil Cushion Spring Insert" in certain of the Eastern States.   It was then agreed that the parties of the first part should give their time to the selling and distributing of said device, and the party of the second part, this defendant, agreed "to furnish certain funds or sums of money necessary for carrying on and conducting the aforesaid busines in the aforesaid territory."   The agreement further provided for the formation of a corporation, through which this device could be marketed, and the defendant agreed to subscribe and pay for $19,000 of what is called the class B stock, "or such portion thereof as may be necessary to provide the corporation with working funds and capital as a going concern."   It was further agreed, in consideration of the defendant subscribing for this class B of preferred stock, that the first parties would assign and set over unto the defendant $2,000 par value of the common stock of said corporation and $1,000 par value of class A preferred stock of said corporation.   After the defendant had paid about $2,700 in cash, and had put up about $7,500 as collateral to secure payment for stock in trade which the corporation had bought, he refused to pay any more installments upon his subscription.   The corporation then assigned its right to the president, this plaintiff, who now sues to enforce it.   The assignment was made for technical reasons, and not with the intent to divest the corporation of the beneficial interest in the claim.

[1] The defendant first contends that his agreement was only to take such amount of the preferred stock as might be necessary to provide working funds and capital for the corporation, and that no determination had been made by the corporation that such funds were necessary, and no proof made thereof upon the trial.   It appears, however, that frequent demands were made of the defendant by the officers of the company for payment of the subscription, and when this case was before this court upon appeal from an order vacating an attachment, in the opinion then rendered, found at 166 App. Div. 274, 151 N. Y. Supp. 580, it was stated that prima facie under this contract the amount the parties fixed in their agreement, in fixing the

amount of capital stock to be issued, would be the amount necessary to provide said corporation with working funds and capital as a going concern. The opinion then states that defendant cannot be called upon to pay more than that, and that he may be able to show that he should not be called upon to pay so much. In the absence of proof that this amount is not necessary, and in view of the repeated demands of the officers of the corporation upon the defendant therefor, it cannot be held that the judgment is not founded upon sufficient proof of the need of such funds.

[2] It is further contended on behalf of the defendant that he was to receive 20 shares of the common stock and 10 shares of the stock in class A preferred, and, not having been tendered the stock, he is not liable upon his subscription. A fair construction of the contract, however, contemplates that this stock should be handed over to him when the subscription is paid. At least the delivery of the stock was not intended as a condition precedent to defendant's obligation, and without demand upon the corporation and its refusal to deliver the stock, failure to tender the same cannot be made an answer to the defendant's obligations under his contract.

[3] The main issue litigated apparently, and the main question argued upon this appeal, is that this assignment to the president is void and passes no title. This objection is under section 66 of the Stock Corporation Law, which prohibits a corporation which has refused to pay its obligation from transferring any of its property to its officers, directors, or stockholders, other than for full value in cash. The intent of the section is manifestly to protect the creditors of the corporation against collusive transfer to the officers. Where it appears, as here, that the transfer is made simply for the purpose of a more effective enforcement of the claim, and not for the purpose of vesting the property in the president, the transfer is clearly not obnoxious to that provision of the statute. Since the plaintiff is suing solely on behalf of the corporation for its benefit, and is in the position of a trustee, any defenses or counterclaims in favor of the defendant against the assignor can be set up.

[4] The defendant in his brief urges that the contract for the exclusive selling of the rights of the spring insert, which was made the basis of the contract between the plaintiff and the defendant, was valueless, because the Dann Company had previously assigned these rights to one Mulhearn. The only proof upon this point was the testimony of the defendant that Mulhearn had stated to him that he had such a contract, and that owing to dissatisfaction it was abandoned. The defendant denied that there was such a contract. There was no proof of its terms, or anything to show that it would conflict with the contract made with Sanders and Wilson. It is difficult to see how the defendant can raise the question in this action, and in any event the evidence in regard to it is so meager as to be utterly inadequate upon which to base any finding of fact that the consideration for the contract has failed.

The judgment and order should therefore be affirmed, with costs. Order filed. All concur.