FRANZ H. MOAK, as Trustee in Bankruptcy of MOHAWK BRICK COMPANY, INC., Bankrupt, Respondent, *v.* JOSEPH VET, Individually and as Private Banker, Defendant, Impleaded with FRANK H. WARDER, as Superintendent of Banks of the State of New York, Appellant.

Third Department, July 1, 1927.

Bankruptcy — preferences — illegal transfers — action by trustee to recover money in possession of State Superintendent of Banks which was transferred to individual defendant as private banker — private banker was president and treasurer of bankrupt and shortly before bankruptcy he drew check on bankrupt's account to himself individually and deposited same in his account as private banker — said transfer violated Stock Corporation Law, § 15, and amounted to unlawful preference under Bankruptcy Act, § 60 — bank depositors have no claim on funds — plaintiff is entitled to recover.

This is an action by a trustee in bankruptcy to recover moneys in the possession of the State Superintendent of Banks, which were found in the possession of the individual defendant, a private banker, when his business was taken over by

19

the Superintendent of Banks. It appears that the individual defendant was president and treasurer of the bankrupt; that a short time before bankruptcy he drew a check on the bankrupt's account payable to himself individually, indorsed the same and deposited it in his account as private banker; and that he contends that the bankrupt was indebted to him as private banker in a sum larger than the amount withdrawn. The sum so withdrawn and deposited by the individual defendant in his account as private banker did not constitute assets in which his depositors had a preference over general creditors. The transaction was clearly a direct payment from the bankrupt to the individual defendant as private banker, although it passed through said defendant individually in reaching him as private banker.

If the money paid to the individual defendant was paid to him as an individual, the transfer was void, under section 15 of the Stock Corporation Law, since it was paid to him, an officer of the corporation, while the corporation was insolvent, or in contemplation of insolvency.

The payment of the money to the individual defendant as a private banker, as creditor of the bankrupt, having been made within four months of bankruptcy, constituted an unlawful preference under section 60 of the Bankruptcy Act, and may be recovered by the trustee in bankruptcy, notwithstanding it is in the possession of the Superintendent of Banks. The depositors of the individual defendant have no claim on the moneys so transferred, and the mingling of those funds with other funds of the individual defendant, as private banker, cannot defeat recovery, for the funds can be traced and identified in the accounts of the individual defendant as private banker.

APPEAL by the defendant, Frank H. Warder, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 14th day of December, 1926, upon the decision of the court rendered after a trial at the Saratoga Trial Term before the court without a jury.

*Charles E. Cooney* [*David F. Costello* and *George R. Fearon* of counsel], for the appellant.

*Robert Frazier* [*Borden H. Mills* and *William T. Moore* of counsel], for the respondent.

VAN KIRK, J. The defendant Superintendent of Banks alone appeals.

Joseph Vet was a private banker. As such he kept funds in two places, his private banking house and the Manufacturers' National Bank of Mechanicville, N. Y. The Mohawk Brick Company, Inc., herein called the company, was a domestic corporation. It was insolvent on and prior to July 12, 1924; it had refused to pay certain notes when due. A petition in bankruptcy was filed against the company August 6, 1924, and on August 27, 1924, it was duly adjudged a bankrupt. Mr. Moak was appointed its trustee October 9, 1924. It owned a plant and equipment for the manufacture of brick. Joseph Vet was the president and treasurer of the company. On August 5, 1924, the Superintendent of Banks of the State of New York took over the assets and property of Joseph Vet as private banker.

The company, on July 9, 1924, made, delivered and recorded a mortgage, covering all its real estate and tangible personal property, to secure bonds aggregating $50,000. Thirty thousand dollars, received from the sale of these bonds on July 12, 1924, was on that day deposited to the credit of the company in the Manufacturers' National Bank of Mechanicville. On the same day Joseph Vet, as president and treasurer of the company, without the knowledge of any other officer or director, executed two checks. one for $19,500, and one for $10,500, in the name of the company, drawn on its account in the Manufacturers' National Bank and payable to the order of Joseph Vet. Vet immediately indorsed these checks and deposited them in his account as private banker in that bank; in due course these checks were charged against the account of the company and credited to the account of Vet as private banker. This $30,000 item is the last deposit made in this account and with it the account aggregated $73,530.33. On August second and August fourth Vet drew upon this account three checks aggregating $40,000. On August fifth he drew a check for $15,000 on this account and deposited the proceeds in his private banking house. After this transaction he had as private banker in his banking house $49,989.39, and in the Manufacturers' National Bank $18,530.33. These were the moneys the Superintendent of Banks, on August fifth, took over, and on August eighth he withdrew from the National bank the $18,530.33. In this action the plaintiff seeks to recover from the Superintendent of Banks the $30,000 so transferred from the company to Vet as private banker, on the ground that that money is a part of the assets of the insolvent company of which plaintiff is entitled to possession, and the transfer thereof was in violation of law and the statutes.

An individual, having procured his " authorization certificate," may engage in private banking subject to the provisions of articles 2 and 4 of the Banking Law. (§ 153.) He takes and holds title to the capital and all the assets of his business in his name, with the addition of the descriptive name " private banker." (§ 155.) The depositors are creditors with preferences over general creditors as against certain classes of assets; they are not the owners of deposits, or of any assets of the business. (§ 156.) The $30,000 here in dispute is not and never was a part of either class of assets against which depositors have a preference. None of the bank assets were in this $30,000, or in the real property from which it was derived. The $30,000, on July 12, 1924, was the property of the company. Although the two checks which transferred it were made payable to Vet as an individual, the transaction in fact was a transfer from the company to Vet as private banker, the property

went direct from the company's bank account to that of Vet as private banker. That only was the purpose and intent of the transaction, which was carried out surreptitiously by Vet. His hand wrongfully took the money from the company and delivered it to himself as private banker; he individually was the conveyance, he as private banker was the destination, of the abstracted money. Whether or not the company was indebted to him as an individual or private banker cannot validate the transfer.

The explanation in behalf of Vet is that he as private banker from time to time had taken money from his private banking account and loaned it in amounts aggregating a large sum to the company; that he as an individual received the $30,000 from the company account and placed them in his private banking account to pay those loans. If the two checks payable to Vet transferred the money to him as an individual it was a transfer of property of an insolvent corporation to one of its officers for the payment of a debt. Such a transfer is void; it is a prohibited act; and Vet could not, by indorsing the checks, transfer good title to himself as private banker. Such transfer having been attempted the private banker must account to the trustee of the company for the property so received. (Stock Corp. Law, § 15.) If the transfer as we think was one direct from the company account to the private banking account, it was an unlawful preference of one creditor over other creditors. The depositors of Vet as private banker, if they have any claim, have it as creditors of the company. The appellant has no other or stronger claim or title. Section 15 of the Stock Corporation Law, so far as material, reads as follows: " Prohibited transfers to officers or stockholders. No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof,  *  *  *   when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid.  *  *  *   Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or other trustees.  *  *  *   Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void."

This section was intended "rather to extend than to restrict the remedies accorded to those to whom the right is given to wrest from the possessor property illegally taken from an insolvent corporation" (*McQueen* v. *New*, 45 App. Div. 579); and to protect creditors of such corporation against collusive transfers. (*Sanders* v. *Barnaby*, 173 App. Div. 244; *Pennsylvania R. Co.* v. *Pedrick*, 222 Fed. 75.) The assets of a corporation constitute a trust fund for the payment of its debts and its creditors have an equitable lien thereon. (*Trotter* v. *Lisman*, 209 N. Y. 174.) The payment of a debt to a *bona fide* creditor in contemplation of insolvency is void and the amount of the payment may be recovered by the trustee. (*Robinson* v. *Bank of Attica*, 21 N. Y. 406.)

Section 60 of the Bankruptcy Act contains this: "Preferred Creditors. a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. * * *

"b. If a bankrupt shall have * * *, made a transfer of any of his property, and if, * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

The same section gives a State court jurisdiction of any action by the trustee. Vet, the president of the company and the private banker, knew all the facts and the consequences of his acts. There is no question about the intent or the result of Vet's acts. The transfer was within the four months' time limit. There was an unlawful preference. Under either of the cited statutes the action may be maintained.

If the mingling of funds could defeat this recovery, there has been none. The court has properly held that the $30,000 can be traced and identified in the accounts of Joseph Vet as private banker in his banking house and in the Manufacturers' National Bank. But for this deposit there would have been no balance in the National bank account on August eighth after the checks given August second and August fifth. It was the $30,000, which was this company's property and was wrongfully taken from it, that occasioned this balance; and the $15,000 transferred from the

National bank to the private banking house on August fifth was in the private banking house when on that day it was taken over by the Superintendent of Banks.

There is no equity in favor of the depositors of the private bank as against the creditors of the brick company. Whatever the transaction between Vet and the company had been before, this $30,000 was taken directly from the tangible property of the company, which the creditors of that company had a right absolutely and solely to enjoy. This property was never owned by Vet as private banker. The depositors of the private banking business were creditors only; they were not the owners of money deposited. It would be intolerable if, by the illegal acts and schemes of an unscrupulous man, the property which belonged to the creditors of the company could be taken from them and given to others because that property happened to have been converted into cash and the cash deposited in bank accounts where there was other cash. The transactions by which the cash came into those accounts were absolutely void, and, since those accounts contained a sum in excess of the $30,000, it must be found that the $30,000 remained and that it is identified sufficiently to satisfy the demands of the law. It cannot be presumed that stolen money had been used to pay checks drawn upon the accounts rather than moneys which were lawfully in the account.

The judgment should be affirmed, with costs.

COCHRANE, P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Judgment affirmed, with costs.