Brown Packing Company, Plaintiff, *v.* Harold W. Lewis et al., Defendants.

Supreme Court, Trial Term, Orange County, March 19, 1943.

*Cahn & Miller* for plaintiff.

*Augustus W. Bennet* for defendants.

PATTERSON, J. This is an action by a judgment creditor of Eastern Dairy Farms, Inc. (hereinafter referred to as the corporation), for a money judgment against the defendants, by reason of certain acts of theirs which violated section 15 of the Stock Corporation Law, and which hindered, delayed and defrauded plaintiff.

The complaint prays for a money judgment only, but the relief to which the plaintiff is entitled is not limited by that prayer to money damages. An order was made herein conforming the complaint to allege that the judgment recovered by Belle Lewis, and the subsequent proceedings had by her in connection therewith, are null and void, and should be set aside and canceled of record. If the wrong relief be asked, and a cause of action exists, the inappropriate relief asked for may be disregarded, and such relief as is proper, granted. To support a money judgment here, it would be necessary to find an actual intent to hinder, delay or defraud creditors participated in by the wife, and to hold that the action is one brought not only attacking the transactions as a preference and thereby violating section 15 of the Stock Corporation Law but also as an action brought in the nature of a creditor's bill to set aside a fraudulent transfer. The action is necessarily one in equity notwithstanding the prayer in the complaint for a money judgment only. The allegations of the complaint I believe to be sufficient as a creditor's bill.

The facts are briefly these:

Between July 28th and October 23, 1941, plaintiff furnished goods to the corporation of the agreed and reasonable value

of $1,455.94, no part of which has been paid. Judgment was recovered by plaintiff against the corporation in this court on April 24, 1942, in the amount of $1,519.64, upon which execution was issued on that date and returned *nulla bona* on April 30, 1942.

The defendant Harold Lewis was vice-president and a director of the corporation, and after September 1, 1941, had sole control and charge of its affairs. He was in fact the corporation. The defendant Belle Lewis is his wife. Plaintiff, in November, 1941, made demand upon Harold Lewis by registered mail for payment, and again in December, 1941, when Lewis said he was unable to make any arrangements and referred the plaintiff to the attorney for the corporation.

Three days later, Lewis executed and delivered to his wife, Belle Lewis, a purported assignment to the extent of $2,925 of an alleged claim held by him against the corporation, which assignment recited that he had loaned such sums to the corporation, and also that he personally had borrowed that identical sum from his wife.

On the very next day, December 5, 1941, a summons with notice was prepared in an action brought by Belle Lewis against the corporation in the exact amount of the assigned claim. Three days later, Harold Lewis wrote to the plaintiff requesting further indulgence, and asking for further co-operation for a period of six months " in which time we hope to have the affairs of the corporation on a sound financial basis ".

On December 20, 1941, Lewis was served with a summons in an action brought by one Olsen against the corporation. On Monday, December 22d, following, service of the summons in the Belle Lewis action against the corporation was effected. Service of the summons was made upon Mr. Maharay, a director and attorney for the corporation, and not on Mr. Lewis, an officer of the corporation in actual charge and control of its business. On January 13, 1942, judgment by default was entered against the corporation in favor of Belle Lewis in the total amount of $2,990.96. The complaint in that action was not verified, nor was proof taken by the clerk as required by section 487 of the Civil Practice Act. Execution was issued to the sheriff of the county, who immediately levied on all available property of the corporation, and on January 26, 1942, sold such assets to the defendant Belle Lewis. Since such sale the business has continued to be maintained ostensibly in the name of Belle Lewis. Actually Harold Lewis has operated and managed the business, devoting his full time to it, though he

has received, as he claims, no compensation or salary for his services, and does not have any agreement or understanding with his wife regarding the same.

I think it may be fairly said that from all the facts and circumstances, and the relations of the parties, that there was an actual intent to hinder, delay or defraud the creditors participated in by the wife and her husband, Harold. The transactions between the husband and wife bear all of the traditional indicia of fraud, and the defendants' entire course of conduct evidences a fraudulent and illegal plan to take the assets out of the reach of creditors of the corporation, and to enable defendants to continue in business for their personal benefit. Under the present statute, the sufferance of the judgment, and the creation of a lien in favor of Belle Lewis was preferential if it was done (1) when the corporation was insolvent or its insolvency imminent; (2) with intention to give a preference to Belle Lewis; and (3) if Belle Lewis had notice or reasonable cause to believe that a preference would result. Insolvency under the statute does not mean excess of liabilities over assets. It means inability to pay debts in the ordinary course of business. Defendants concede that the corporation was insolvent on December 14, 1941, and at all times thereafter. There is ample evidence to justify the conclusion that there was a clear intent to give a preference to Belle Lewis. Harold Lewis in effect said so.

As to Belle Lewis' notice of insolvency, or that she had reasonable cause to believe that a preference would result, while both defendants deny that she had any such knowledge of the affairs of the corporation, the proof demonstrates the contrary. Plaintiff was not obligated to show that she had actual knowledge of the corporation's insolvency. It is sufficient that she had knowledge of facts to put her on inquiry.

I think the conclusion is inescapable that defendants' conduct was fraudulent and their acts void, not only under section 15 of the Stock Corporation Law, but on common-law grounds as well.

The question next arises as to the liability of the defendant, Harold Lewis, as corporate officer who participated in the fraudulent preference of his wife, Belle Lewis, in the corporate assets, and of the liability of the wife as transferee of the assets. It is clear that each of these defendants is liable to the plaintiff under the circumstances, but the nature and extent of their liability in this action has been a much controverted point. The plaintiff, citing *Home Bank* v. *Brewster & Co.* (15 App.

Div. 338) and *Newman* v. *Meisel-Galland Co., Inc.* (237 App. Div. 95, affd. 261 N. Y. 651) mainly contends that by virtue of its judgment and execution it acquired a lien against the assets fraudulently transferred, and that, inasmuch as the value of the assets transferred exceed the amount of its judgment, it is entitled to recover of the individual defendants the full amount of its judgment and interest. The defendants, however, contend, citing principally *Doehler* v. *Real Estate Board of N. Y. Bldg. Co., Inc.* (150 Misc. 733) that their liability is limited to a sum which the plaintiff would have received, had the corporation been wound up and its property, so far as improperly transferred, converted to money and applied to payment of its debts pro rata.

The *Home Bank* and *Newman* cases (*supra*) cited by the plaintiff are, however, distinguishable from the case at bar. In the *Home Bank* case (*supra*), the action, which was to set aside fraudulent transfers, was brought in aid of executions still in the hands of the sheriff, while in the case at bar the plaintiff's execution was returned unsatisfied before the bringing of the action. The *Newman* case (*supra*) was an action by a judgment creditor to set aside an earlier confession of judgment as fraudulent and to reach the assets sold under execution upon such judgment, and it appeared that the plaintiff in such action had issued its execution and thereby obtained a lien on the assets sold under the fraudulent judgment before the sale thereof by the sheriff and that the sheriff's sale thereof was while both executions were in effect and was under stipulation that the proceeds of sale be held by the sheriff to await determination as to the rights of the parties therein. In the case at bar, however, the plaintiff's execution was not issued until long after the assets had been actually sold by the sheriff under the fraudulent judgment and execution in favor of the defendant Belle Lewis. Furthermore, the plaintiff's execution was thereafter returned by the sheriff unsatisfied, so the plaintiff in this action now has no lien by virtue of its execution.

The court, however, is also of the opinion that the general rule set forth in the *Doehler* case (*supra*) cited by the defendants does not necessarily control the decision in this case and that, under the circumstances of this case, the plaintiff is entitled to recover of both defendants the full amount of its judgment and interest.

The action was tried before the court without a jury, and while the allegations and proof establish a cause of action in

favor of plaintiff to avoid a preference in violation of the provisions of section 15 of the Stock Corporation Law, there is also pleaded and established a cause of action in the nature of a creditor's bill to set aside a transfer voidable independent of statute as suffered by the corporation and effected by the transferee with actual intent to hinder, delay or defraud creditors. This is clear, for, as was said in *Billings* v. *Russell et al.* (101 N. Y. 226, 234) the general rule is that " where there is an actual intent to defraud, no form in which the transaction is put can shield the property so transferred from the claim of creditors, even though a full and adequate consideration be received for the same." True, the prayer in plaintiff's complaint is limited to a demand for money damages, but the pleadings should be conformed to the proof and the plaintiff awarded the relief to which it is entitled under the proof. (Civ. Prac. Act, § 111.) Considering plaintiff's action as one also in the nature of a creditor's bill to set aside a fraudulent transfer, its diligence and efforts in uncovering the fraud and in bringing and trying the action gives plaintiff a lien now entitling it to have its claim first satisfied out of the assets fraudulently transferred. (24 Am. Jur., Fraudulent Conveyances, § 233; *Jasper* v. *Rozinski,* 228 N. Y. 349.) As stated in *Shalek* v. *Jetter Brewing Co.* (155 N. Y. S. 972, 975) " in cases of judgment creditors' bills, the prize due to diligence has been awarded without criticism and with general accord ever since such actions were known."

Section 15 of the Stock Corporation Law does not prevent the conclusion reached by the court that the plaintiff is entitled to the rights and relief of a judgment creditor attacking a transfer as made and accepted with actual intent to defraud. In the first place, it is clearly established that this section is in extension of existing remedies. It is not to be construed to in any way cut down the rights of creditors or to supersede or abolish the simple and efficacious creditors' bill. (*Whalen* v. *Strong,* 230 App. Div. 617; *Moak* v. *Vet,* 221 App. Div. 289, 293; *McQueen* v. *New,* 45 App. Div. 579; *Shalek* v. *Jetter Brewing Co., supra.*) And a single action may be brought by a single creditor charging liability under the statute and under the common law on the theory that the transfer was to hinder, delay and defraud creditors. (*Whalen* v. *Strong, supra.*)

Under section 15 of the Stock Corporation Law the defendant Belle Lewis would be " bound to account " for the assets fraudulently received by her, and the relief generally granted under this section in favor of a creditor against a transferee

would be equitable relief in the nature of a direction for an accounting for the assets wrongfully received by the transferee. Under the circumstances of this case, however, it is not necessary to direct an accounting by the defendant transferee (Belle Lewis), nor to grant the relief ordinarily applicable in an action in the nature of a creditor's bill, that is, to have the transfer of the assets to the transferee formally set aside and a resale held under process issued in plaintiff's favor. The evidence in this case establishes that the assets were considered by said defendant transferee worth more than the amount of plaintiff's judgment for, on bidding in the assets under her execution, said defendant paid more than the plaintiff's judgment. Taking into consideration this fact, the character of the assets, and the fact that the defendant has been actually using the same since the transfer in the conduct of her personal business, the court may adapt its relief to the exigencies of the case and award a money judgment against the defendant transferee for the full amount of plaintiff's judgment against the debtor corporation and interest. (*Fox* v. *Erbe,* 100 App. Div. 343, affd. 184 N. Y. 542; *Shugerman* v. *Sohn,* 255 App. Div. 866; *Lowendahl* v. *Van Bokkelen,* 139 Misc. 857, affd. 234 App. Div. 749, affd. 260 N. Y. 557; *Leifer* v. *Murphy,* 149 Misc. 455.)

Now, as to the liability of the defendant, Harold Lewis, who as an officer of the debtor corporation personally participated in the fraudulent transfer of the assets to his wife. His liability is urged under the provisions of section 15 of the Stock Corporation Law stating: "Every director or officer of a corporation who shall be concerned in the making of any conveyance, assignment, transfer or payment, the suffering of any judgment or the creation of any lien or the giving of any security by such corporation when it is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any of the other creditors of the corporation, or who shall violate or be concerned in violating any other provision of this section shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

It has been generally held that the liability of an officer under this provision to a particular creditor is limited to the sum the creditor would have received had the corporation been wound up and its property, so far as improperly transferred, converted to money and applied to the payment of its debts pro rata. (*Curran* v. *Oppenheimer,* 164 App. Div. 746, affd.

222 N. Y. 615; *Buckley* v. *Stansfield*, 155 App. Div. 735, affd. 214 N. Y. 679; *Lodi Chemical Co.* v. *National Lead Co.*, 41 App. Div. 535, 538; *Doehler* v. *Real Estate Board of N. Y. Bldg. Co., Inc.*, 150 Misc. 733, *supra; Trustees of Masonic Hall* v. *Fontana*, 99 Misc. 497, 502.) Such holding is generally applied only in a case where it is improper to permit one creditor to gain a preference over other creditors. In the case at bar, under the holding of the court, the reason for applying the general rule fails as there are no other creditors entitled to share equally with the plaintiff in the assets fraudulently transferred inasmuch as the court holds that the plaintiff, by its diligence and the bringing of this action has a first lien on such assets. In any event, in *Caesar* v. *Bernard* (156 App. Div. 724, 727, affd. 209 N. Y. 570) the court said that the loss sustained to the creditor by the wrongful act of the officer " would be presumptively, I think, the amount for which an execution duly issued could not be satisfied in consequence of the disposition of property in violation of the statute." And in *Whalen* v. *Strong* (249 App. Div. 792, 793, affd. 275 N. Y. 516) it was held that: " Plaintiffs' ' loss sustained ' (Stock Corporation Law, § 15) is the full amount of their judgment since an execution on the deficiency judgment against the corporation has been duly issued and returned wholly unsatisfied ", and this is the rule applicable to the case at bar.

The plaintiff is therefore entitled to judgment, (1) that Belle Lewis' judgment and the execution and sale thereunder are void; (2) the plaintiff has a valid and subsisting lien on the assets of the corporation which have come into the possession of the defendants or either of them; (3) that the plaintiff have judgment against Harold Lewis and Belle Lewis in the amount of $1,519.64 together with interest from April 24, 1942.