In the Matter of MOBILIFT EQUIP-
MENT OF FLORIDA, INC.,
Bankrupt.

MINNEAPOLIS–MOLINE, INC.,
Plaintiff-Appellant,

v.

Robert C. BRYAN, Trustee in Bank-
ruptcy, Defendant-Appellee.

No. 27426

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 5, 1969.

---

Charles W. Bryan, Tampa, Fla., for plaintiff-appellant.

Albert I. Gordon, Tampa, Fla., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

MORGAN, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F. 2d 804, Part I.

This is an appeal from an order of the United States District Court for the Middle District of Florida which affirmed the judgment of the Referee in Bankruptcy on a counterclaim against a creditor of the bankrupt, Minneapolis-Moline, Inc., in the amount of $5,209.39. This amount represents the total amount of several payments found by the referee to have been made by the bankrupt, Mobilift Equipment of Florida, Inc. (hereafter either Mobilift or the bankrupt), to Minneapolis-Moline as a preferential transfer while the bankrupt was insolvent and had amounts due and owing to other creditors, in violation of Section 608.55, Fla.Stat., F.S.A.,[1] and recoverable by the trustee under Section 70(e) of the Bankruptcy Act, 11 U.S.C. Sec. 110(e).[2]

---

1. Section 608.55, in its relevant parts, provides:

   * * * No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid * * *. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. * * * The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation.

2. The applicable parts of Section 70(e) provide:

   (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under a Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

   (2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: *Provided, however,* That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws.

There are two issues to be decided in this case: first, whether the findings on which the referee's judgment is founded are contrary to the weight of the evidence presented; and, secondly, whether the trustee is required, under Section 608.55, supra, to attempt to recover the payments from the officers and directors of Mobilift before proceeding against Minneapolis-Moline.

■ By confirming the referee's findings of fact and conclusions of law the District Court makes them his own, and on appeal the losing party has the burden of demonstrating that the referee's findings were clearly erroneous. Martin v. Mercantile Financial Corp., 5 Cir., 1968, 404 F.2d 886, 887. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20, 24 (1954); Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776. Thus, "in order for a reviewing court to set aside findings of fact by a trial court sitting without a jury, it must be clearly demonstrated that such findings are without adequate evidentiary support in the record, or were induced by an erroneous view of the law, and the burden of showing that the findings are clearly erroneous is on the one attacking them." Chaney v. City of Galveston, supra, at 776, citing Cedillo v. Standard Oil Co. of Texas, 5 Cir., 1961, 291 F.2d 246.

In order to set aside and recover the payments made by Mobilift to Minneapolis-Moline under Section 608.55, Fla. Stat., F.S.A., and Section 70(e) of the Bankruptcy Act, the trustee has the burden of establishing that (1) the payments were made "when the corporation [was] insolvent or its insolvency [was] imminent," see Jasson D. Radding, Inc. v. Coulter, Fla.App., 1962, 138 So.2d 380; (2) "with the intent of giving a preference to any particular creditor over the other creditors of the corporation", and (3) "that he is asserting the right of some creditor who holds a *provable. claim* against the bankrupt and who would have been entitled to avoid the transfer had not bankruptcy intervened". Collier on Bankruptcy, Vol. 4A, ¶ 70.94, p. 1084. See Heffron v. Duggins, 9 Cir., 1940, 115 F.2d 519. We hold that the trustee met this burden and that the findings of the referee are supported by the weight of the evidence.

■ In Williams v. American Crafts, Inc., 129 So.2d 165 (1961) the Florida District Court of Appeals, Third District, held that "[i]nsolvency under the statute [Section 608.55] does not mean excess of liability over assets. It means inability to pay debts in the ordinary course of business". At 169. See Brown Packing Co. v. Lewis, 185 Misc. 445, 58 N.Y.S.2d 443, 448. At the hearing, it was established that Mobilift had to borrow money on November 1, 1966, to pay its purchase price to a manufacturer of a piece of equipment it had already sold in the course of business to a customer. Furthermore, the evidence indicated that the liabilities of the corporation exceeded its assets from August of 1965 until the bankruptcy petition was filed. The first payment in question here was made to Minneapolis-Moline on April 21, 1966. It is therefore clear that Mobilift was unable to pay its debts in the ordinary course of business before the first payment was made to Minneapolis-Moline. Indeed, it appears from the uncontradicted testimony of Harold E. Goddard, the president of Mobilift,[3] that the payments made to Minneapolis-Moline were made pursuant to some sort of arrangement worked out between Mobilift and Minneapolis-Moline to satisfy past due obligations incurred by Mobilift under a floor-plan financing arrangement with Minneapolis-Moline to enable Mobilift to retain its franchise with Minneapolis-Moline.

■ Likewise, it is clear from the evidence that the payments were made

---

3. Mr. Goddard was the only witness presented by either side.

"with the intent of giving a preference to Minneapolis-Moline in disregard of the rights of Mobilift's other creditors." Mr. Goddard testified that he was aware that Mobilift owed money to other creditors when the payments were made to Minneapolis-Moline and that Mobilift had the intention to prefer Minneapolis-Moline over its other creditors because they were trying to hold on to their franchise. Furthermore, the evidence supports a finding that Mobilift had creditors with provable claims who would have been entitled to avoid the preferential payments to Minneapolis-Moline if bankruptcy had not intervened. The findings of the referee have adequate evidentiary support in the record and, after carefully reviewing the entire record of this case, it is impossible for us to say that we are left with a definite and firm conviction that a mistake has been committed.

██ The contention that Goddard's testimony based on his personal knowledge was not the best evidence and that the books of the Company ought to have been produced is without merit. The "best evidence rule" comes into play only when the terms of a writing are being established and requires generally that in such a situation the original document must be introduced into evidence. See McCormick on Evidence, Sections 195–209.

█ Likewise, the contention that the trustee must proceed against the officers and directors of the insolvent corporation before proceeding against the preferred creditor under Section 608.55, Fla.Stat., F.S.A., is also without merit. As is clear from its language, Section 608.55 allows recovery from either the officers and directors of the corporation making the preferential transfer or from the preferred creditor, but it does not require that an attempt be made to recover from either one before the other.

The Judgment of the District Court is

Affirmed.