# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-30537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILBERT MATHES,

Defendant-Appellant

————

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-69-1

————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wilbert Mathes appeals his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, distribution of cocaine, possession with intent to distribute 500 grams or more of cocaine, and unlawful use of a communications facility. He argues that the district court abused its discretion when it denied his motion in limine and admitted testimony regarding pole camera footage. Mathes contends that the testimony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have been barred under Federal Rule of Evidence 1002, the best evidence rule.  The district court did not abuse its discretion by admitting this testimony because the testimony was based on personal knowledge. *See United States v. El-Mezain,* 664 F.3d 467, 494 (5th Cir. 2011); *In re Mobilift Equip. of Fla., Inc.*, 415 F.2d 841, 844 (5th Cir. 1969).  Moreover, the testimony was admissible under Federal Rule of Evidence 1004 because the original footage was lost due to a catastrophic data loss on the server.

Mathes also argues that the district court erred in denying his motion to suppress because the affidavits supporting the wiretap applications failed to describe any specific information that he was engaged in drug dealing and the affidavits contained general allegations and boilerplate conclusions.

An application seeking authorization for a wiretap must state "whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).  To issue the order approving interception of wire communications, a judge must find that the Government has made the required showing of necessity.  § 2518(3)(c).  This court reviews the district court's issuance of a wiretap order for clear error.  *United States v. Kelley*, 140 F.3d 596, 604 (5th Cir. 1998).  This court reviews de novo whether the Government satisfied the "necessity requirement." *United States v. Smith*, 273 F.3d 629, 632 (5th Cir. 2001); *United States v. Butler*, 477 F. App'x 217, 219 (5th Cir. 2012).

In the instant case, the affidavits provided facts reflecting the failure of traditional investigative techniques, such as surveillance and the use of confidential informants.  Additionally, the affidavits included explanations of why other investigative actions, such as mobile tracking devices, trash searches, and the use of the federal grand jury, would likely not succeed.

No. 17-30537

Therefore, the affidavits satisfied the requirements of § 2518(3)(c).    The judgment of the district court is AFFIRMED.