United States Court of Appeals,

Eleventh Circuit.

Nos. 95-5432, 96-4414.

Pat JORDAN, Plaintiff-Appellant,

v.

TIME, INCORPORATED, Defendant-Appellee.

Pat JORDAN, Plaintiff-Appellee,

v.

TIME, INCORPORATED, Defendant-Appellant.

April 25, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-6509-CIV), Federico A. Moreno, Judge.

Before CARNES, Circuit Judge, and FAY and CLARK, Senior Circuit Judges.

PER CURIAM:

Appellant Pat Jordan filed a copyright infringement suit against appellee Time, Incorporated ("Time") when Sports Illustrated reprinted an article authored by Jordan without prior consent. Time made two offers of judgment, Fed.R.Civ.P. 68, which Jordan rejected. After Time admitted liability, the district court conducted a jury trial solely on the issue of damages. The jury returned a verdict awarding Jordan actual damages, but rejecting Jordan's claim for a portion of Time's profits and his claim that the infringement was willful. Following the jury verdict, Jordan elected to pursue statutory damages. 17 U.S.C. § 504(c)(1) (1994). The district court awarded damages to Jordan. Both sides then filed motions for attorneys' fees and costs. The district court denied the motions. On appeal, Jordan argues the jury instructions

on the issue of damages were erroneous. Time cross appeals from the district court's denial of its motion for attorneys' fees and costs. Having timely elected to receive statutory damages from the court, Jordan is precluded from appealing any question related to actual damages. As to Time's cross appeal, because Fed.R.Civ.P. 68 requires a district court to impose costs, we reverse the district court's order denying Time's motion and remand the matter to the district court for further proceedings.

Pat Jordan is a professional author who has written over forty articles for Sports Illustrated magazine ("SI"). In 1971, Jordan authored an article about a former professional baseball pitcher named Robert "Bo" Belinsky, which SI published in its March 6, 1972, edition. The article was published pursuant to an agreement entered between Jordan and SI. Under the terms of the agreement, Jordan would submit certain articles to SI and SI would have first publication rights. Following SI's first publication of the Belinsky article, Jordan was the registered owner of the existing copyrights to the article.

In 1993, SI celebrating its 40th anniversary, reprinted the article without obtaining Jordan's prior consent or offering to purchase republication rights. Based on SI's allegedly unlawful republication of Jordan's article, Jordan filed a copyright infringement suit against Time, the publisher of SI. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Time made an offer of judgment to Jordan in the amount of $15,000.00, plus attorneys' fees and costs, if any. Subsequently, Time increased its offer of judgment to $20,000.00. Jordan rejected both offers.

After Time admitted liability for copyright infringement, the district court held a three day jury trial solely on the issue of damages. The jury returned a verdict awarding Jordan $5,000.00 in actual damages, but rejecting Jordan's claim for a portion of Time's profit and his claim that the infringement was willful. Following the jury verdict, but before final judgment was entered, Jordan elected to recover statutory damages. 17 U.S.C. § 504(c)(1) (1994). The district court awarded Jordan $5,500.00 in damages, but similarly rejected Jordan's claims for a share of Time's profits and that the infringement was willful. The district court then entered final judgment in the case. Jordan appeals from this final judgment.

Both parties filed motions for attorneys' fees and costs. Jordan argues that as the "prevailing party" he is entitled to attorneys' fees and costs under 17 U.S.C. § 505 (1994). Time contends that since Jordan did not obtain a judgment more favorable than the ones contained in Time's offers of judgment, Jordan must pay Time's attorneys' fees and costs. Fed.R.Civ.P. 68. The district court "exercis[ing] its power of equitable discretion" denied both motions.[1] Time cross appeals from the district court's order denying its motion for attorneys' fees and costs.

On appeal, Jordan asserts he is entitled to a new trial because the district court erroneously instructed the jury. More specifically, Jordan contends the district court erred in instructing the jury that any profits recoverable under the

---

[1]Jordan does not appeal the district court's denial of his motion for attorneys' fees and costs.

Copyright Act must be "directly attributable" to the infringement, and not "remotely" or "speculatively" attributable to the infringement.[2] Because Jordan elected to pursue statutory damages, he is now estopped from appealing the jury's award of actual damages.

Under 17 U.S.C. § 504(a), a copyright owner may choose between two types of damages: actual damages and profits or statutory damages. The election between actual and statutory damages is to be made "at any time before final judgment is rendered." 17 U.S.C. § 504(c). In our case, the jury awarded Jordan $5,000.00 in actual damages. Jordan then timely opted for statutory damages, and the district court awarded Jordan $5,500.00.

The Second Circuit has stated that "[o]nce a plaintiff has elected statutory damages, it has given up the right to seek actual damages and may not renew that right on appeal by cross-appealing to seek an increase in the actual damages." *Twin Peaks Productions v. Publications Intern.,* 996 F.2d 1366, 1380 (2d Cir.1993). We agree with the Second Circuit. A plaintiff is precluded from electing statutory damages and then appealing the award of actual damages; plaintiff does not get two bites of the apple. The language of the statute is clear and precise: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action...."

_____

[2]The gravamen of the appellant's contention on the charge to the jury is that the words "directly attributable" describe and raise a different standard than the word "attributable." We find this contention foreclosed by the election of statutory damages and alternatively without merit.

17 U.S.C. § 504(c).  Under this option, a plaintiff may proceed as Jordan did, but once a timely election is made to receive statutory damages all questions regarding actual and other damages are rendered moot.

In its cross appeal, Time argues that Fed.R.Civ.P. 68 mandates a district court to award attorneys' fees and costs, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."  Thus, Time argues the district court erred when it used its "power of equitable discretion" to deny Time's motion for attorneys' fees and costs.

We have been unable to locate any case in this circuit, which has delineated the proper standard for reviewing district court decisions applying Rule 68 of the Federal Rules of Civil Procedure.[3]  We believe that the mandatory language of the rule leaves no room for district court discretion.  When a proper Rule 68 offer is made and the other requirements of the rule are met, the district court must award costs measured from the time the offer was served.  As such, the proper interpretation of Rule 68 is a legal question which we review de novo.  *Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1060 (11th Cir.1994).  However, any disputed facts concerning the events surrounding a Rule 68 offer are reviewed for clear error.  *See Herrington v. County of Sonoma,* 12 F.3d 901, 906 (9th Cir.1993) ("[I]ssues involving construction of Rule 68 offers are reviewed de novo, [while] disputed factual

---

[3]The parties did not cite any authority suggesting the appropriate standard of review.

findings concerning the circumstances under which the offer was made are usually reviewed for clear error.") (quoting *Erdman v. Cochise County,* 926 F.2d 877, 879 (9th Cir.1991)).

Reviewing Time's cross appeal of the district court's order de novo, we reverse. Time made two offers of judgment in the amounts of $15,000.00 and $20,000.00. Jordan rejected both offers. The jury awarded Jordan $5,000.00 in actual damages and after electing statutory damages the district court entered judgment in the amount of $5,500.00. Both the jury's award and the statutory damage award are less favorable than the offers made by Time. Rule 68 states in pertinent part "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." (emphasis added). The language contained in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise. Thus, the district court erred when it used its "equitable discretion" to deny Time's motion for attorneys' fees and costs. Jordan must pay the costs incurred by Time after the making of its offer. We reverse the district court's order and remand the matter to the district court for a determination of Time's costs. Costs as used herein includes attorneys' fees. Under *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3016-17, 87 L.Ed.2d 1 (1985), Rule 68 "costs" include attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies, 17 U.S.C. § 505.

CONCLUSION

For the foregoing reasons, the final judgment is AFFIRMED and the order denying Time's motion for costs is REVERSED. The case is

REMANDED to allow the district court to calculate the amount of costs (including attorneys fees).