United States Court of Appeals,

Eleventh Circuit.

No. 96-5150.

Marcos ARENCIBIA, a.k.a. Marcus Arencibia, Plaintiff-Appellee,

v.

MIAMI SHOES, INC., Defendant-Appellant.

June 2, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-1851-CIV-EBD), Edward B. Davis, Judge.

Before COX and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge.

PER CURIAM:

We must decide whether the Fed.R.Civ.P. 68 offer of judgment in this case, which is silent as to costs and attorney's fees, allows an award of costs and attorney's fees.

## I. BACKGROUND

Marcos Arencibia brought this action under § 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), against Miami Shoes, Inc., his former employer, for $1,860.96 in unpaid overtime wages, an equal amount of liquidated damages, costs, and attorney's fees. Pursuant to Fed.R.Civ.P. 68, Miami Shoes served an offer of judgment on Arencibia in the amount of $4,000. The offer did not mention costs or attorney's fees. Arencibia timely filed and served on Miami Shoes an acceptance of the offer of judgment. Arencibia attached to his acceptance a proposed order entering judgment in favor of Arencibia for $4,000 and reserving jurisdiction to award costs and attorney's fees. In addition, Arencibia filed a motion for costs and attorney's fees. Miami Shoes objected to the proposed final judgment order, contending that, while Rule 68 may allow the court to award costs in addition to the lump sum offer, these costs do not include attorney's fees. The district court, although it explicitly did not consider Arencibia's proposed order, nonetheless reserved jurisdiction to award costs and attorney's fees in its final judgment. Miami Shoes appeals

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

the district court's final judgment.

## II. ISSUE ON APPEAL

We must decide whether a district court retains jurisdiction to award costs and attorney's fees in a FLSA action for unpaid wages in the face of a timely accepted Rule 68 offer of judgment that does not mention costs or attorney's fees. In the words of this case, we must decide whether Miami Shoes' $4,000 offer is inclusive of costs and attorney's fees or whether costs and attorney's are to be awarded in addition to the $4,000 lump sum.

## III. DISCUSSION

As relevant to this appeal, Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

The interpretation of Rule 68 is a legal question which we decide de novo. *See Jordan v. Time, Inc.,* 111 F.3d 102, 105 (11th Cir.1997).

The Supreme Court has held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer. *See Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985) (holding that "if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs") (citation omitted). This authority to award costs arises from the phrase "with costs then accrued" in Rule 68. *See id.* at 5-6, 105 S.Ct. at 3015. Consequently, the district court properly reserved jurisdiction in its final judgment to determine costs awardable to Arencibia.

These "costs" awarded by virtue of Rule 68, however, only include attorney's fees if the underlying statute defines "costs" to include attorney's fees. *See id.* at 9, 105 S.Ct. at 3016.[1] *See*

---

[1] In *Marek,* the Supreme Court interpreted the word "costs" in Rule 68 in the context of the Rule's fee-shifting provision. That fee-shifting provision is not applicable here. Nonetheless,

*also Jordan,* 111 F.3d at 105("Rule 68 "costs' include attorneys' fees when the underlying statute so prescribes.").  Because § 16(b) of the FLSA does not define "costs" to include attorney's fees, the district court erred in reserving jurisdiction to award Arencibia attorney's fees.  *See* 29 U.S.C. § 216(b) ("The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, *and* costs of the action.") (emphasis added).

### IV. CONCLUSION

That part of the district court's judgment reserving jurisdiction to award attorney's fees is vacated.  In all other respects, the district court's judgment is affirmed.

AFFIRMED in part;  VACATED in part.

---

the Supreme Court's exegesis of the word "costs" applies to that word as used throughout Rule 68.