**Douglas M. BRUCE**

v.

**WEEKLY WORLD NEWS, INC.**

**Civ.A. No. 98–CV–11044–RGS.**

United States District Court,
D. Massachusetts.

Oct. 11, 2001.

Andrew D. Epstein, Barker, Epstein & Loscocco, Boston, MA, for plaintiff.

Andrew Baum, Lisa M. Pollard, Amy Baum, Darby & Darby, New York City, David S. Rosenthal, Hutchins, Wheeler & Dittmar, Boston, MA, for defendants.

*MEMORANDUM AND ORDER ON DE-FENDANT'S PETITION FOR COSTS AND ATTORNEY'S FEES*

STEARNS, District Judge.

This case raises an interesting and difficult issue. Does Fed.R.Civ.P. 68 entitle a defendant in a copyright case to an award of attorney's fees as well as costs where a plaintiff, after rejecting an Offer of Judgment, achieves a meritorious result, but one less favorable than the Offer of Judgment would have conferred? [1]

The underlying facts are set out in *Bruce v. Weekly World News, Inc.,* 150 F.Supp.2d 313 (D.Mass.2001). In their essentials, defendant Weekly World News, Inc. (WWN), was accused of using without authorization a retouched snapshot taken of President Clinton by plaintiff David Bruce. The photograph had been altered by superimposing the image of the "Alien," a fictional WWN character, over that of a Secret Service agent shaking the (then candidate) President's hand. WWN used the photograph on the cover of its August 11, 1992 edition and reprinted it several times thereafter. Although WWN paid licensing fees to the stock agency representing Bruce, these stopped in 1993 when the agency went into bankruptcy.

According to Bruce's Complaint, WWN made four unauthorized (unlicensed) editorial uses of the photograph after June 1, 1995 (the earliest date reached under the copyright statute of limitations), two hundred thirty-six unauthorized uses of the photograph in advertisements promoting subscription sales and the sale of "Alien" t-shirts, several thousand unauthorized uses of the photograph on the t-shirts themselves, and sixteen months of unauthorized use of the photograph on the promotional pages of WWN's web site. Bruce demanded actual damages and the disgorgement of WWN's profits from sales of the t-shirts as well as a substantial percentage of the profits earned by WWN from periodical sales and display advertising during the infringement period.

WWN conceded liability. The case therefore went to trial solely on the issue of damages. In its finding of facts and ruling of law, the court sided with Bruce as to one of the four editorial uses and as to the infringing use of the photograph on the t-shirts, awarding Bruce $1,100 in unpaid licensing fees. The court also awarded Bruce $1,200 for the unauthorized use of the photograph on WWN's web site, as well as $8,642.45 as his share of the profits from the infringing t-shirt sales. Finally, characterizing WWN's conduct as lying midway on the "spectrum between a negligent and a larcenous appro-

---

1. Although the case is presently on appeal, this court retains jurisdiction over ancillary matters that do not touch upon the core issues of the appeal, such as the award of costs and attorney's fees. *U.S. v. Brooks,* 145 F.3d 446, 456 (1st Cir. 1998).

priation," the court multiplied Bruce's actual damages by a factor of five consistent with what both plaintiff's and defendant's expert agreed was industry practice. This resulted in a total award to Bruce of $27.709.11 ($20,-142.45 with interest). The court also granted Bruce's prayer for injunctive relief.[2]

On the other hand, the court found against Bruce on his claim for a share of WWN's profits derived from newsstand, subscription and display advertising sales, as well as on his claim for licensing fees for WWN's use of the photograph in ads promoting the sale of the infringing t-shirts. The court also agreed that under industry practice, WWN's internal reproduction of a photograph of its August 11, 1992 cover did not constitute an infringement.

Unbeknownst to the court, on June 6, 2000, WWN, pursuant to Fed.R.Civ.P. 68, tendered Bruce an Offer of Judgment in "the amount of $75,000, exclusive of costs and interest," as well as an agreement for a permanent injunction. The Offer of Judgment was rejected. On September 7, 2001, WWN, noting that Bruce had achieved a result less favorable than the Offer of Judgment, filed a bill for $3,432.86 in costs and $124,328.50 in attorney's fees accruing from June 6, 2000.

■ WWN's argument for an award of attorney's fees has two separate premises. First, WWN contends that it was the prevailing party under the Copyright Act, see 17 U.S.C. § 505, and is therefore entitled to attorney's fees. In the alternative, WWN contends that it "prevailed" under Rule 68, and that under the Rule an award of "costs" impliedly includes an award of attorney's fees. WWN's first argument is based on *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir.1996),[3] which holds that "an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and such discretion is not cabined by a requirement of culpability on the part of the losing party." While this is an accurate statement of the law, WWN's attempt to recast itself as the "prevailing party" in this action is doomed from the outset. What distinguishes the defendant in *Fogerty* from WWN is the fact that Fogerty won total vindication from a jury on the merits of plaintiff's infringement claims (and more).[4] By contrast, WWN, while successfully limiting the amount of damages claimed by Bruce, was nonetheless forced to admit liability on the core issue of infringement, and, as a result, ended up on the wrong side of the judgment.[5] Indeed, the original judg-

**2.** As WWN pointed out in post-judgment pleadings, because Bruce had registered his copyright only after the infringement had begun, he was not entitled to an award of attorney's fees. *See* 17 U.S.C. § 412. Consequently, the sentence in the court's judgment inviting Bruce to petition for such an award was stricken. It is significant, however, that in issuing such an invitation, the court determined Bruce to be a "prevailing party" for purposes of the Copyright Act.

**3.** *Fogerty* was decided after the remand ordered by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), which held that attorney's fees under the Copyright Act are to be awarded impartially to a "prevailing party," whether plaintiff or defendant.

**4.** As the Ninth Circuit phrased it:
Fogerty's vindication of his copyright in "The Old Man Down the Road" secured the public's access to an original work of authorship and paved the way for future original compositions—by Fogerty and others—in the same distinctive "Swamp Rock" style and genre. Thus, the district court reasoned, Fogerty's defense was the type of defense that furthers the pur-

poses underlying the Copyright Act and therefore should be encouraged through a fee award. Further, the district court found that a fee award was appropriate to help restore to Fogerty some of the lost value of the copyright he was forced to defend. In addition, Fogerty was a defendant author and prevailed on the merits rather than on a technical defense, such as the statute of limitations, laches, or the copyright registration requirements. Finally, the benefit conferred by Fogerty's successful defense was not slight or insubstantial relative to the costs of the litigation, nor would the fee award have too great a chilling effect or impose an inequitable burden on Fantasy, which was not an impecunious plaintiff.
*Fogerty*, 94 F.3d at 556.

**5.** At best, this mixed result would open the road to an argument that any claim for an award of attorney's fees by Bruce should be reduced by an apportionment of the award between Bruce's successful and unsuccessful damages claims. *Cf. Krewson v. City of Quincy*, 74 F.3d 15, 19 (1st Cir.1996). Bruce, however, as explained earlier, is not entitled to attorney's fees because he failed to timely register his copyright. That failure

ment explicitly found Bruce, and not WWN, to be the "prevailing party" for purposes of the Copyright Act.

■ WWN's second argument, that an award of costs under Rule 68 impliedly includes an award of attorney's fees, rests on more substantial grounds. The analysis begins with the First Circuit's exegesis of *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), in *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.1986). In *Marek*, the Supreme Court held that a prevailing *plaintiff* was not entitled to an award of attorney's fees in a section 1988 civil rights action, when the amount actually recovered was less than the defendant's Rule 68 Offer of Judgment. The First Circuit pointed out that

> [e]ssential to the Court's holding was its determination that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority." *Marek*, [473 U.S. at 9, 105 S.Ct. 3012]. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, permits a prevailing plaintiff to recover "a reasonable attorney's fee as part of the costs," so the Court ruled that "such fees are subject to the cost-shifting provision of Rule 68." *Marek*, [473 U.S. at 8, 105 S.Ct. 3012]. The *Marek* Court, however, did not reach the precise issue before us today because the defendants in that case failed to appeal the portion of the district court's order denying their request for post-offer attorney's fees. *Id.* at 4, n. 1, 105 S.Ct. 3012.

*Crossman*, 806 F.2d at 333.

Answering the question left open in *Marek*, the First Circuit held that "costs" allowable under Rule 68 are defined by reference to the statute governing the underlying action. If that statute does not have a provision for the award of attorney's fees, Rule 68 does not independently create a right to such an award. If, however, attorney's fees are recoverable as a matter of statutory right (as in a section 1983 action), a second question must be asked.

Asserting that the instant case is no different from *Marek*, appellees have construct-

does not impeach the fact that he "prevailed" at

ed their principal argument on appeal in the form of a deceptively simple syllogism:

> (1) Rule 68 requires appellants to pay appellees' post-offer costs;
>
> (2) Rule 68 costs, according to *Marek*, are determined by looking to section 1988, the underlying substantive statute governing costs;
>
> (3) Section 1988 permits the recovery of attorney's fees as part of costs;
>
> (4) Rule 68, therefore, requires appellants to pay appellees' post-offer attorney's fees.

Although the logic of this syllogism is appealing, the second and third steps of appellees' argument distort the law governing the relationship between Rule 68 and section 1988 by ignoring the two crucial words that serve to qualify the holding of the *Marek* case. *Marek* states that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, [473 U.S. at 9, 105 S.Ct. 3012] (emphasis supplied). The Court stresses the importance of the two emphasized words by repeating them in the next sentence of the opinion: "In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" *Id.* (emphasis supplied). These two words—"properly awardable"—are so essential to the holding of *Marek* that, even if the Supreme Court had not expressly included them, we would have implied their existence to prevent *Marek*'s chilling effect on the initiation of civil rights actions from attaining glacial magnitude. The pertinent inquiry, therefore, is whether appellees' attorney's fees are "properly awardable" under section 1988.

In *Marek*, plaintiff's attorney's fees were "properly awardable" as costs under section 1988 because his section 1983 action had been successful. *See* 42 U.S.C. § 1988. Rule 68, however, prevented plaintiff from recouping the costs he incurred after his refusal to accept an offer of judgment that exceeded his ultimate trial.

recovery. Because the *Marek* Court determined that plaintiff's Rule 68 costs consisted of all costs "properly awardable" under section 1988, it held that Rule 68 also operated to bar the trial court from awarding plaintiff his section 1988 attorney's fees. *Marek,* [473 U.S. at 11, 105 S.Ct. 3012].

Nevertheless, applying the *Marek* analysis to the case at bar does not yield the result desired by appellees. Although [plaintiff/] appellants' attorney's fees were "properly awardable" costs under section 1988, [defendant/]appellees' attorney's fees were not. The statute awards costs only to a "prevailing party." Moreover, the standard set forth by the Supreme Court in *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163, ... (1980) (per curiam), and *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648, ... (1978), provides that a civil rights defendant may not be awarded attorney's fees under section 1988 unless the trial court determines that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg,* 434 U.S. at 421, 98 S.Ct. 694, .... In the instant case, there is absolutely no reason to believe that appellants' case was frivolous or meritless; indeed, appellants "prevailed" at trial. It follows from this that appellees' attorney's fees were not "properly awardable" costs as defined by section 1988 and, therefore, were not part of the costs shifted to plaintiff by the operation of Rule 68. To hold otherwise would fly in the face of the Supreme Court's carefully crafted decision in *Marek,* a case that appellees agree must control our decision today. Accordingly, we conclude that the court erred by ordering the Crossmans to pay appellees' post-offer attorney's fees.

*Crossman,* 806 F.2d at 333–334 (footnote deleted).

█ While the Copyright Act (unlike section 1983) awards attorney's fees impartially to prevailing defendants as well as to prevailing plaintiffs, WWN's post-verdict position is more analogous to the defendant in *Crossman* than the defendant in *Fogerty.* Like the *Crossman* plaintiff, Bruce is a prevailing party because he received an actual (not a nominal) award of damages on a significant number of his claims. Moreover, since WWN would only be entitled to attorney's fees if they were "properly awardable" under the Copyright Act, the question turns full circle to the issue whether WWN was in fact a "prevailing party" for purposes of the Act. While the Copyright Act does not offer a crystal-clear definition of what is meant by the term "prevailing party," in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 1839–1840, 149 L.Ed.2d 855 (2001), the Supreme Court, labeling the phrase "a legal term of art," defined a "prevailing party" as one who obtains an enforceable judgment on the merits or a court-ordered consent decree. Here, WWN did not obtain a judgment, but only avoided a judgment as fulsome as the one that might potentially have been rendered. While WWN might rightfully be said to have "prevailed" under Rule 68, the ancillary operation of the Rule, as I understand the First Circuit's reasoning in *Crossman,* cannot trump the substantive rule of the underlying statute that defines what is meant by a "prevailing party."

I recognize that the Eleventh Circuit in *Jordan v. Time,* 111 F.3d 102 (11th Cir.1997), reached a different result. In *Jordan,* a Copyright Act case, the district court denied defendant's request for costs and attorney's fees under Rule 68 after plaintiff received a judgment for less than the amount defendant had offered. The Eleventh Circuit reversed.

The language contained in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise. Thus, the district court erred when it used its "equitable discretion" to deny Time's motion for attorney's fees and costs. Jordan must pay the costs incurred by Time after the making of its offer. We reverse the district court's order and remand the matter to the district court for a determination of Time's costs. Costs as used herein includes attorney's fees. Under *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1, ... (1985), Rule 68 "costs" include attorney's fees when the underlying

statute so prescribes. The Copyright Act so specifies, 17 U.S.C. § 505.

*Jordan,* 111 F.3d at 105.

While I respect the Eleventh Circuit's decision, I do not believe that its reasoning approaches the sophistication brought to *Crossman* by the First Circuit.[6] The Eleventh Circuit apparently believed that Rule 68 mandated an award of attorney's fees if the underlying statute so provided without asking the pertinent second question identified by the First Circuit, whether the defendant in fact could be deemed a prevailing party under the statute itself. As here, the defendant in *Jordan* admitted liability, and after a jury verdict and election of statutory damages, plaintiff obtained a judgment, albeit less than the amount extended in the Offer of Judgment. The only sense in which the defendant in *Jordan* could have been said to have "prevailed" is, as here, under Rule 68. In effect, the Eleventh Circuit deemed Rule 68 as providing a substantive gloss on the provisions of the Copyright Act, something that I believe is beyond the force of the civil rules. Moreover, as a policy matter, the *Jordan* result is, I believe, unwise, as it would virtually compel copyright plaintiffs, who typically, as here, enter the fray with far fewer resources at their disposal than the media conglomerates against whom they are arrayed, to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorney's fees.

### ORDER

For the foregoing reasons, defendant's application for costs is *DENIED.*[7]

SO ORDERED.

---

6. This court is not alone in its appraisal of *Crossman* and *Jordan.* *See Harbor Motor Company, Inc. v. Arnell Chevrolet–Geo, Inc.,* 265 F.3d 638, 2001 WL 1083934 *6 (7th Cir. Sept. 17, 2001).

7. While I would have been inclined to award WWN costs apart from attorney's fees, I am prohibited from doing so by *Marek,* 473 U.S. at 6, 105 S.Ct. 3012: "As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer [under Rule 68] will be valid." WWN's Offer of Judgment explicitly excluded costs.