# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-20303

KIVA KITCHEN & BATH INC

Plaintiff - Appellee

v.

CAPITAL DISTRIBUTING INC; JOHN MICHAEL DAVIS also known as, John Davis also known as, Michael Davis

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2562

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Kiva Kitchen & Bath Inc. ("Kiva") sued Capital Distributing Inc. ("Capital") and Capital's owner, John Michael Davis ("Davis," and together with Capital, the "Capital Defendants"), for various violations of trademark laws. Kiva was awarded statutory damages and attorneys' fees following a jury trial, and the Capital Defendants appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Kiva owns four stores that sell high-end kitchen and bath appliances in various Texas cities: AABC Appliance Gallery in Houston, Jarrell Appliance Gallery in Dallas, Stone Appliance Gallery in San Antonio, and McNairs Appliance Gallery in Austin. Capital operates a retail appliance store in Dallas and is thus a direct competitor of Kiva through its Jarrell store. In December 2005, Davis, on behalf of Capital, began registering internet domain names that incorporated the trade names (or similar spellings thereof) of numerous Texas appliance stores, including Kiva's.[1] Further, the domain names of Capital's competitors in Dallas, including Kiva's Jarrell store, were forwarded to Capital's website—so that an internet user who typed one of the Jarrell domain names in her browser would be redirected to Capital's website.

Kiva discovered the registration of its trade names and the use of this forwarding feature in the summer of 2006. In August 2006, Kiva filed this suit against the Capital Defendants[2] in Texas federal court, seeking damages and injunctive relief. It brought claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), and violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), as well as several state law claims. The Capital Defendants filed third-party claims against BringMeBiz, Inc. ("BMB")—the company hired by Capital in 2005 to optimize its

---

[1] With respect to Kiva's stores, Capital registered the following eight domain names: jarrellappliancegallery.com, jarrellappliance.com, and jarrellgallery.com (collectively, the "Jarrell domain names"); and aabcappliancegallery.com, stoneappliancegallery.com, mcnairappliance.com, mcnairsappliance.com, and mcnairappliancegallery.com (collectively, the "non-Jarrell domain names").

[2] The initial complaint also named Jennifer Tyrrell—Davis's daughter and Capital's marketing manager—as a defendant, but Kiva later dismissed its claims against her.

website—and BMB's owner, Todd McCally ("McCally), for breach of contract, negligence, and fraud.

The district court conducted a six-day jury trial in January-February 2008. The jury found the Capital Defendants liable for trademark infringement with respect to the Jarrell mark and violation of the ACPA with respect to all Kiva domain names, and awarded Kiva compensatory damages in the amount of $257,232. The jury also found that the case was "exceptional" because the Capital Defendants had acted "willfully, maliciously, fraudulently, or deliberately." It awarded Kiva punitive damages in the amount of $200,000. Finally, the jury found that BMB and McCally were not liable to the Capital Defendants.

In its post-trial briefing, Kiva sought an enhancement of the jury's damages award, and requested that the district court award the greater of these enhanced damages or the statutory damages provided under the ACPA. Ultimately, the district court issued a final judgment enjoining the Capital Defendants from registering or otherwise infringing on Kiva's trade names, and awarding Kiva $500,000 in statutory damages. Relying on the jury's finding that the case was "exceptional," the district court also awarded Kiva $500,960 in attorneys' fees under the Lanham Act. The Capital Defendants appeal the award of damages and attorneys' fees, and also contend that a portion of Davis's testimony at trial was erroneously admitted.

## DISCUSSION

### A. Award of Statutory Damages

"A district court's damages award is a finding of fact, which this court reviews for clear error." *Jauch v. Nautical Servs., Inc.,* 470 F.3d 207, 213 (5th Cir. 2006). However, "[t]he conclusions of law underlying the award are reviewed *de novo*." *Id.* *See also Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 545–46 (6th Cir. 2003) ("In reviewing the district court's award of statutory damages [under the ACPA], we will not disturb the district court's findings of fact unless they are clearly erroneous, but we review any issues of law *de novo*.").

Under the ACPA, the prevailing "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d). The Capital Defendants first argue that the district court's award of statutory damages is invalid because Kiva did not specifically "elect" to recover statutory damages in the proceedings below. In support of their argument, they rely on case law relating to 17 U.S.C. § 504(c)(1), which contains a similar statutory damages provision for copyright infringement cases. *See E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 278 (5th Cir. 2002) (noting that "[t]he statutory damages provisions in the ACPA . . . are akin to the statutory damages provisions of the copyright laws"). However, the copyright cases cited by the Capital Defendants are inapposite.

In *Jordan v. Time, Inc.*, the plaintiff in a copyright infringement action obtained a jury verdict awarding actual damages and elected instead to recover statutory damages assessed by the district court. 111 F.3d 102, 104 (11th Cir.

1997). The plaintiff appealed the jury's award of actual damages, challenging a jury instruction on damage calculations. *Id.* The court held that the plaintiff's timely election to receive statutory damages mooted all questions regarding actual damages, and the plaintiff was therefore precluded from appealing the jury's award. *Id.* Similarly, the plaintiff in *Twin Peaks Productions, Inc. v. Publications International, Ltd.* had also opted for a statutory award. 996 F.2d 1366, 1380 (2d Cir. 1993). When the defendants appealed both awards, the plaintiff cross-appealed, seeking an increase in the amount of actual damages. *Id.* The court refused to address the arguments on cross-appeal, holding that the plaintiff had "given up the right to seek actual damages and [could] not renew that right on appeal by cross-appealing to seek an increase in the actual damages." *Id.*

These two cases are not pertinent to the present situation; they merely stand for the proposition that, once a plaintiff elects to recover statutory damages, an appeal to obtain an increase in the actual damages award is not permitted. Clearly, this is not what happened here—Kiva is not appealing the jury award of actual damages, and the Capital Defendants are in fact arguing that Kiva did *not* properly elect statutory damages. While *Jordan* and *Twin Peaks* prevent a plaintiff from pursuing both remedies *on appeal*, the Capital Defendants have cited no authority limiting a plaintiff's ability to select the desired remedy at any time *before* final judgment is rendered by the district court.

On the contrary, our review of the case law suggests that a plaintiff is authorized to make an informed election of remedy even after the jury has rendered a verdict, with knowledge of the amount of both awards. *See Feltner*

*v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347 n.5 (1998) (stating that "[t]he parties agree, and we have found no indication to the contrary, that election [of remedies for copyright infringement] may occur even after a jury has returned a verdict on liability and an award of actual damages"); *Twin Peaks*, 996 F.2d at 1380 (noting that the plaintiff elected a statutory damages award knowing that its amount was lower than the amount of actual damages awarded by the jury because it believed statutory damages were more likely to be sustained on appeal). Further, we see no reason to limit the manner in which a plaintiff may elect statutory damages; in particular, nothing indicates that a request by a plaintiff that the court award the greater of the two remedies is an invalid election.

The Capital Defendants' challenge to the amount of statutory damages is equally without merit. The district court awarded $500,000 in statutory damages, including $100,000 for each of the three Jarrell domain names and $40,000 for each of the five non-Jarrell domain names. This satisfies the ACPA requirement that the amount of statutory damages be "not less than $1,000 and not more than $100,000 per domain name." 15 U.S.C. § 1117(d). However, the Capital Defendants contend that this award was not "just" under Section 1117(d) because there is insufficient evidence that Kiva suffered damages as a result of the improper registrations and forwarding. We disagree.

The alleged lack of damages suffered by Kiva is controverted by the sales data and expert testimony presented by Kiva at trial, which resulted in a jury award of $257,232 in actual damages. Further, the statutory damages provisions in the ACPA are designed not only to "compel[] restitution of profit and reparation for injury" but also "to discourage wrongful conduct." *E. & J.*

*Gallo*, 286 F.3d at 278 (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). In the copyright context, appellate courts have noted that "[i]f statutory damages are elected, the [trial] court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quotation omitted). *See also Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 237 (5th Cir. 1988).

We agree with the district court that the maximum statutory award for the Jarrell domain names was warranted in light of Davis's bad faith intent to divert potential customers to Capital's website and because Jarrell is a direct competitor of Capital in Dallas. *See, e.g., Citigroup, Inc. v. Shui*, No. 08-0727, 2009 WL 483145, at *4 (E.D. Va. Feb. 24, 2009) (finding that the defendant's violation of the ACPA "ha[d] been established as sufficiently willful, deliberate, and performed in bad faith to merit the maximum statutory award of $100,000 and an award of attorneys' fees"); *Aztar Corp. v. MGM Casino*, No. 00-833-A, 2001 WL 939070, at *4–6 (E.D. Va. April 9, 2001) (awarding maximum statutory award of $100,000 when "Defendant's web site used Plaintiff's mark in its entirety in connection with the identical services provided by Plaintiff" in a "bad faith attempt to deceive Internet consumers"). Further, the Capital Defendants had refused to stop forwarding the infringing domain names or to transfer them to Kiva until just a few weeks before trial. *See Bellagio v. Denhammer*, No. CV-S-00-1475, 2001 WL 34036599, at *4 (D. Nev. July 10, 2001) (considering the defendants' refusal to transfer the infringing domain name to the plaintiff as one of the factors justifying the imposition of a $100,000 award).

With respect to the non-Jarrell domain names, the district court declined to impose the maximum statutory award, noting that the other stores—which are not located in the Dallas area—do not directly compete with Capital. Instead, it awarded Kiva $40,000 for each non-Jarrell domain name, which is well within the range of statutory damages award for such bad faith violations of the Lanham Act. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1221–22 (S.D. Fla. 2004) (awarding $50,000 per domain name in statutory damages); *E. & J. Gallo*, 286 F.3d at 278 (holding that an award of $25,000 per domain name in statutory damages was not clearly erroneous, even though the plaintiff "did not present evidence that it actually lost any business due to [the defendant's] actions").

Accordingly, we hold that the district court properly awarded statutory damages, and that the amount of the award—$500,000—was "just" under the circumstances.[3]

## B. Award of Attorneys' Fees

This court "review[s] the award of attorneys' fees under the Lanham Act for abuse of discretion, and the court's finding as to whether the case is exceptional for clear error." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5th Cir. 2002).

The prevailing party in a trademark infringement action may be awarded reasonable attorneys' fees only "in exceptional cases," 15 U.S.C. § 1117(a), and

---

[3] Because we affirm the award of statutory damages, we do not address the Capital Defendants' challenge to the jury instruction given by the district court concerning the assessment of actual damages. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1139 n.22 (11th Cir. 2007) (noting that "[a]ny error the court may have committed in charging the jury [with respect to statutory damages] was rendered moot because [the plaintiff] elected to accept actual damages").

such party bears the burden of demonstrating the exceptional nature of the case. *See Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distrib. Co., Inc.*, 520 F.3d 393, 402 (5th Cir. 2008). "An exceptional case involves acts that can be called malicious, fraudulent, deliberate, or willful." *Id.* (internal quotations omitted). Here, the jury determined, and the district court agreed, that Kiva had properly demonstrated that its case was exceptional, in light of Davis's bad faith intent to divert potential Kiva customers to Capital's website. Accordingly, the district court awarded Kiva $500,960 in attorneys' fees, based on its review of affidavits presented by Kiva's attorneys and its own adjustments and calculations.

The Capital Defendants neither dispute that the case is exceptional nor challenge the amount of attorneys' fees assessed by the district court. Rather, they argue that "[b]ecause Kiva did not properly elect statutory damages, and because Kiva did not present evidence with respect to Capital's sales attributed to the infringing activity, it cannot be considered the prevailing party." Kiva's contention is without merit. The district court's alleged errors in its award or assessment of statutory damages under § 1117(d) are irrelevant to its award of attorneys' fees under § 1117(a). Here, final judgment was rendered in favor of Kiva, and Kiva was awarded $500,000 in statutory damages; Kiva is clearly the prevailing party. *See e.g.*, BLACK'S LAW DICTIONARY 1145 (7th ed. 1999) (defining a "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). *See also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary and noting that "[t]his view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases").

Accordingly, we hold that the district court did not err in awarding Kiva attorneys' fees.

## C. Evidentiary Ruling

This court "review[s] a trial court's evidentiary ruling under an abuse-of-discretion standard when the party challenging the ruling makes a timely objection." *United States v. Hawley*, 516 F.3d 264, 266 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 994 (2009). Federal Rule of Evidence 103 requires that this "timely objection . . . stat[e] the specific ground" on the record. Here, the Capital Defendants failed to object on the basis of the best evidence rule, which is the sole ground raised by them on appeal. Accordingly, our review is for plain error only. *See United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006).

During trial, Kiva obtained archived copies of Capital's website proving that Capital had been using its competitors' names as meta tags for its website as early as 2002[4]—but the Capital Defendants successfully objected to the introduction of this document into evidence. However, when Davis testified that, to his knowledge, Capital's website had never used competitors' names as meta tags prior to 2005, Kiva's attorney was authorized by the court to show Davis the document indicating a 2002 date. Presenting the document to Davis, Kiva's attorney asked him if it refreshed his recollection as to what might have been on Capital's website at that time, and proceeded to question him on the presence of these meta tags since 2002.

---

[4] Meta tags are "hidden text," *i.e.*, keywords not visible on a website but that are used by certain search engines when indexing website pages. Thus, when an internet user searched for a Capital competitor's name on one of those search engines, Capital's website was listed in the search results.

On appeal, the Capital Defendants contend that the admission of Davis's testimony to prove the contents of the document violated Federal Rule of Evidence 1002, commonly known as the best evidence rule. Under Rule 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Thus, the best evidence rule "comes into play only when the terms of a writing are being established," not when a witness's testimony is based on personal knowledge. *In re Mobilift Equip. of Fla., Inc.*, 415 F.2d 841, 844 (5th Cir. 1969). *See also* WEINSTEIN'S FEDERAL EVIDENCE § 1002.04 (stating that the best evidence rule is not applicable when a "witness's testimony is based on first-hand knowledge of an event, as opposed to knowledge gained from a writing, recording, or photograph depicting the event"). Here, Kiva's attorney was attempting to elicit testimony concerning Davis's personal knowledge of the meta tags on Capital's website, not the authenticity of the document presented. Further, the document at issue was merely presented to Davis to refresh his recollection; the use of a document for refreshment purposes does not trigger the best evidence rule. *See* WEINSTEIN'S FEDERAL EVIDENCE § 1002.04; *Weir v. Comm'r*, 283 F.2d 675, 678 (6th Cir. 1960) (holding that the best evidence rule is not involved when a document is not offered in evidence, but only used to refresh a witness's recollection).

Accordingly, the district court did not err in admitting Davis's testimony.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.