# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30759

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2019

Lyle W. Cayce
Clerk

ALLIANCE FOR GOOD GOVERNMENT,

> Plaintiff - Appellee

v.

COALITION FOR BETTER GOVERNMENT,

> Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, SMITH, and HIGGINSON, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court granted Alliance for Good Government summary judgment on its trademark infringement claim against Coalition for Better Government, enjoined Coalition from the use of both its logo and its trade name, and then awarded Alliance attorney's fees incurred in bringing the lawsuit. It did not abuse its discretion in finding that Alliance is entitled to fees, and so we affirm that portion of its order. Because we have since modified the district court's injunction to permit Coalition to use its trade name, however, we remand for the district court to reassess the amount of fees.

No. 18-30759

## I

Our earlier opinion describes this case's background.[1] In short, Alliance and Coalition are both nonprofit organizations that endorse political candidates in New Orleans. Alliance began using a logo featuring a bird with wings outstretched in the late 1960s; Coalition began using a similar logo in the 1980s or 1990s, then changed its logo in 2008 to be virtually identical to Alliance's.[2] Below are the Alliance and post-2008 Coalition logos:

      

Alliance sued Coalition for trademark infringement in Louisiana court in 2008, then voluntarily dismissed its suit, believing Coalition had ceased using the logo to endorse candidates.[3] When Coalition resumed the use of its logo in 2016, Alliance sued Coalition in the Eastern District of Louisiana, claiming federal and state trademark infringement and unfair trade practices.[4] It argued that both Coalition's "word mark"—its trade name, "Coalition for Better Government"—and its "composite mark"—its logo— infringed Alliance's marks. The district court granted Alliance's motion for

---

[1] *See All. for Good Gov't v. Coal. for Better Gov't (Alliance I)*, 901 F.3d 498 (5th Cir. 2018).

[2] *Id.* at 503. In 2013, Alliance registered both the trade name "Alliance for Good Government" and its logo with the U.S. Patent and Trademark Office. *Id.*

[3] *See id.* at 504.

[4] *See id.*

2

No. 18-30759

partial summary judgment, enjoining Coalition from using both its name and logo.[5] Alliance voluntarily dismissed its other claims.

Coalition appealed the summary judgment. While the appeal was pending, Alliance moved for attorney's fees under the Lanham Act. The district court awarded Alliance everything it requested—$68,237.25 in fees, encompassing fees already incurred and projected fees from replying to Coalition's opposition to the fees motion. Coalition separately appealed the fee award.[6]

During briefing in this fees appeal, we affirmed Alliance's entitlement to summary judgment on its claim that Coalition's logo infringed its composite mark.[7] We concluded that based on the summary judgment record, however, Coalition's trade name did not by itself generate a likelihood of confusion with Alliance's "differently-worded" trade name.[8] We therefore modified the district court's injunction to permit Coalition to continue using its name.

---

[5] The parties had cross-moved for summary judgment: Coalition argued that Alliance's suit was barred by laches, while Alliance argued that it was entitled to partial summary judgment on its federal trademark infringement claim. While Coalition had initially asserted twelve affirmative defenses in its Answer, its motion for summary judgment and opposition to Alliance's motion focused on laches. Coalition also averred that there was no likelihood of confusion between the marks as a matter of law and that Alliance had fraudulently obtained its federal trademark registration. Along with granting Alliance's motion for partial summary judgment, the district court granted Alliance's separate motion to dismiss Coalition's counterclaims, including the fraudulent-registration claim.

[6] The notice of appeal of the fee order was filed approximately two weeks before oral argument in the summary judgment appeal, and we denied Alliance's emergency motion to consolidate the appeals, explaining that either party could seek a stay of the fees appeal if it believed that unnecessary resources would be expended in the fees appeal during the pendency of the summary judgment appeal.

[7] *Alliance I*, 901 F.3d at 513.

[8] *Id.* at 513–14. We observed that our decision was based purely on the summary judgment record and was without prejudice to Alliance's opposition to Coalition's pending application to register its name with the USPTO. *Id.* at 513 n.15.

No. 18-30759

## II

The Lanham Act authorizes the award of "reasonable attorney fees to the prevailing party" in "exceptional cases."[9] In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court established that an "exceptional" case meriting fees under the Patent Act does not require a prevailing party to demonstrate bad faith.[10] Rather, a party seeking fees under the Patent Act must demonstrate that the case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[11] Recognizing that the Lanham Act's fee-shifting provision is identical to the Patent Act's, we have extended *Octane Fitness*'s disjunctive standard for "exceptional" cases to claims for fees brought under the Lanham Act.[12]

Before *Octane Fitness*, we "review[ed] the district court's determination as to whether a case is 'exceptional' under § 1117(a) for clear error, but . . . review[ed] the . . . ultimate decision [on] attorney's fees for an abuse of discretion."[13] The same day *Octane Fitness* was decided, the Supreme Court recognized that because *Octane Fitness* commits the determination about whether a case is "exceptional" to the district court's discretion, "an appellate court should review *all* aspects of a district court's [fees determination under the Patent Act] for abuse of discretion."[14] Since the Lanham Act's fee-shifting

---

[9] 15 U.S.C. § 1117(a).

[10] 572 U.S. 545, 555 (2014).

[11] *Id.* at 554.

[12] *Baker v. DeShong*, 821 F.3d 620, 622–25 (5th Cir. 2016); *see also Octane Fitness*, 572 U.S. at 554 (observing that the two provisions are identical).

[13] *E.g.*, *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012).

[14] *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014) (emphasis added).

4

provision is identical to the Patent Act's—as we recognized in *Baker*—we conclude that this same standard of review applies to district court fee determinations under the Lanham Act. We will therefore review all aspects of the district court's fee determination, including its conclusion that this was an "exceptional" case, for abuse of discretion.[15]

## III

As we have explained, a fee award may be warranted either where the prevailing party stood out in terms of the strength of its litigating position or where the non-prevailing party litigated the case in an "unreasonable manner." The district court found that both grounds justified an award of fees to Alliance. We conclude that with respect to Alliance's claim that Coalition's logo infringed Alliance's composite mark, the district court did not abuse its discretion in concluding that this was an "exceptional" case warranting fees.[16]

## A

The district court first found that the case stood out due to the strength of Alliance's litigating position: Alliance adopted its logo at least 15 years before Coalition began using its similar logo; Alliance's composite mark was strong; the marks were very similar; and both parties provided the same "product," used the same advertising channels, and targeted the same "customers." In sum, "[t]he likelihood of confusion [was] so great that it would

---

[15] Two circuits have already extended *Highmark*'s articulation of the proper standard of review to the review of fee awards under the Lanham Act. *See Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1334 (Fed. Cir. 2017); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).

[16] Coalition does not directly contest that Alliance is a prevailing party, nor can it. We have recognized that in the Lanham Act context, a prevailing party is "a party in whose favor judgment is rendered" or "one who has been awarded some relief by the court." *Kiva Kitchen & Bath Inc. v. Capital Distrib., Inc.*, 319 F. App'x 316, 322 (5th Cir. 2009). Alliance has received a judgment in its favor and relief in the form of an injunction prohibiting Coalition from using its logo, and therefore is a prevailing party potentially entitled to fees. We will later address the relevance of the fact that Alliance did not prevail on *all* aspects of the relief it sought.

appear that customer confusion was Coalition's motivation for adopting the Coalition Mark." Further, Coalition presented meritless defenses at the summary judgment stage: a laches argument that was not supported by "any credible evidence," as well as the bare assertion that the composite marks were different because one depicted an eagle while the other depicted a hawk.

We find no abuse of discretion in the district court's conclusion that Alliance had an exceptionally strong infringement claim. Indeed, many of the district court's observations also underpinned our decision to affirm the grant of summary judgment to Alliance.[17] While Coalition attempts to repackage several of the defenses it raised to summary judgment as reasons why this case is not "exceptional" under the Lanham Act, we have already concluded that those arguments were either waived in the district court or plainly meritless—or both.[18]

## B

The district court also determined that this case was exceptional because Coalition litigated it in an unreasonable manner. Coalition behaved unreasonably at several points during the litigation, filing an unsupported

---

[17] For example, we were not just struck by the fact that Alliance and Coalition "*have the same logo*"—we also flatly rejected Coalition's attempt to "distinguish the two logos[ ] not by appearance, design, color, or font[,] but by the birds' *species*." *See Alliance I*, 901 F.3d at 511. Ultimately, we "agree[d] with the district court: the birds are identical. Whether that bird is a *haliaeetus leucocephalus* (bald eagle), a *buteo jamaicensis* (red-tailed hawk), or some other bird, we need not determine." *Id.* at 512.

[18] *See id.* at 505–06 (finding that Coalition waived its arguments about political speech and non-engagement in commerce by failing to press them before the district court); *id.* at 507 n.9 (finding that Coalition's counterclaim that Alliance fraudulently obtained its trademark registration was both waived and "easily resolved"); *id.* at 512–13 (agreeing with the district court that "while there was no evidence of 'actual intent to infringe' . . . . [the only plausible explanation for the marks' similarity was] Coalition's intent to benefit from Alliance's pre-existing reputation").

laches defense;[19] a "counterclaim without any actionable conduct"; and a meritless motion to dismiss that was rendered moot by a summary judgment motion filed two weeks later.[20] The district court also found that Coalition's behavior during discovery was unreasonable, especially its refusal to postpone depositions after the district court ruled on the parties' cross-motions for summary judgment.

Coalition urges that it was the unwilling defendant in a lawsuit initiated by Alliance. To the extent that Coalition argues that only prevailing *defendants* should be awarded fees under the Lanham Act, we cannot agree.[21] The district court did not abuse its discretion in concluding that taken as a whole, Coalition's litigation conduct rendered this case exceptional.

## C

We pause to address Coalition's argument that as a nonprofit entity engaged in political speech, its First Amendment rights are threatened by the imposition of attorney's fees. This is a variant of Coalition's earlier argument, made during the summary judgment appeal, that the First Amendment protected it from liability for trademark infringement. We declined to address this argument on the summary judgment appeal because "Coalition never developed the argument beyond [a cursory statement] and, by the time of the

---

[19] Specifically, Coalition was unable to point to any evidence beyond a bare-bones affidavit to show that Coalition used its logo to endorse candidates *between 2010 and 2016*—a critical aspect of its laches defense.

[20] While Coalition points out that Alliance also filed a motion to dismiss alongside its motion for summary judgment, it fails to acknowledge the difference in context. Alliance filed a motion to dismiss Coalition's *counterclaims* for failure to state a claim after moving for partial summary judgment on its own federal trademark infringement claim.

[21] This suggestion is both waived by Coalition's failure to argue it in its opening brief and contradicted by a wealth of cases granting fees to prevailing Lanham Act cases. *See* "Recovery of Attorney's Fees—Award to a Prevailing Plaintiff," 5 *McCarthy on Trademarks & Unfair Competition* § 30:100 (5th ed.) (collecting cases awarding fees to prevailing plaintiffs, including many decided even before *Octane Fitness* clarified that a prevailing plaintiff did not need to show willful infringement to recover fees under the Patent Act).

summary judgment proceedings, the issue had vanished."[22] Ultimately, we observed, "[t]he interplay between the Lanham Act and the First Amendment's political and commercial speech doctrines raises a thicket of issues we decline to enter when the issues were not preserved or ruled on below."[23] Here too, Coalition fleetingly raises the slightly different argument that a fees award might interfere with its First Amendment rights, but it did not so contend before the district court in its opposition to attorney's fees, nor did it present a fully developed argument in its briefing on this appeal. We will not reach the issue.

## IV

We have concluded that the district court did not abuse its discretion in finding Alliance to be entitled to attorney's fees. We agree with Coalition, however, that the district court must reassess their amount given our decision to modify the district court's injunction to allow Coalition to continue the use of its trade name.

When a party advances both Lanham Act and non-Lanham Act claims, a district court should make efforts to award fees only for successful Lanham Act claims.[24] This reflects "the background rule in America . . . [that] the prevailing party usually cannot recover fees absent statutory authority."[25] The same apportionment principle should apply "when in one lawsuit some Lanham Act claims qualify for an attorney's fee award and other Lanham Act claims do not."[26]

---

[22] *Alliance I*, 901 F.3d at 506.

[23] *Id.* at 506 n.8.

[24] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002).

[25] *Id.*

[26] *See* "Recovery of Attorney's Fees—Apportionment Among Claims," 5 *McCarthy on Trademarks & Unfair Competition* § 30:103; *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157–58 (9th Cir. 2002) (affirming a twenty-six-percent reduction in fees where the

No. 18-30759

Here, Alliance prevailed on its claim that Coalition's logo infringed Alliance's composite mark—and, as we have explained, the district court did not abuse its discretion in holding that Alliance was entitled to fees on this claim. Alliance did not prevail, however, in its effort to enjoin Coalition from using the "Coalition for Better Government" designation.[27] Further, Alliance voluntarily dismissed its other counts after prevailing on the main trademark infringement claim; the district court's fee award did not distinguish between time spent on the infringement claim and time Alliance's attorneys spent— however limited—on these other counts. Alliance is only entitled to fees for work its attorneys performed on its claim that Coalition's logo infringed its composite mark.

While Alliance's composite-mark claim may be intertwined with its other claims to some extent,[28] "the impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment."[29] We remand to the able district court to account for billed time for claims on which Alliance did not prevail, and to adjust the fee award accordingly.

---

losing party brought some Lanham Act claims that merited fees alongside other claims that, although unsuccessful, were not groundless).

[27] While Alliance frequently referred to the marks collectively and addressed federal trademark infringement of both marks in a single count of its complaint, we analyzed the composite and word marks separately for the purposes of summary judgment.

[28] *Cf. Procter & Gamble*, 280 F.3d at 527 (explaining that where a party has brought both Lanham Act and non-Lanham Act claims, "[a] court should permit recovery for work on non-Lanham Act claims only if 'the Lanham Act and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between work done on claims'" (quoting *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000)).

[29] *Gracie*, 217 F.3d at 1070.

No. 18-30759

## V

We affirm the district court's determination that Alliance is entitled to attorney's fees, vacate the amount of fees awarded, and remand for the district court to assess the amount of the award of fees in light of this opinion.[30]

Affirmed in part and remanded in part.

---

[30] We do not address Coalition's argument that the district court erred in denying its motion to strike, as Coalition failed to identify this as one of the issues presented for review and did not present legal authority to support its contention. *See, e.g.*, *Procter & Gamble Co. v. Amway Corp.* 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").